■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES BASS, Appellant.— Judgment, Supreme Court, New York County, rendered November 17, 1972, convicting defendant, after a jury trial, of robbery in the first degree, robbery in the second degree, robbery in the third degree and assault in the second degree, and sentencing him to concurrent indeterminate terms of imprisonment not exceeding 10 years unanimously modified, on the law, to the extent of reversing the conviction of robbery in the third degree and dismissing said count of the indictment. Except as so modified, the judgment is otherwise affirmed. Appellant correctly contends, and the People now concede, that the robbery in the third degree count was a lesser inclusory concurrent count of robbery in the first and second degrees. Accordingly, the conviction upon the greater submitted counts required a dismissal of the lesser offense. (CPL 300.40; *People* v. *Pyles*, 44 A D 2d 784.) Concur — Stevens, J. P., Markewich, Murphy, Capozzoli and Nunez, JJ.

■ ALFRED F. ARCIERI et al., Respondents, v. JOHN A. McNIFF et al., Defendants, and CHARLES ABRAMS, Appellant. DAVID DICKERMAN, Respondent. — Order, Supreme Court, New York County, entered November 18, 1974, unanimously modified, on the facts and in the exercise of discretion, to remand to the Supreme Court, New York County, in order that an additional reasonable period of time be fixed to permit defendant Abrams to complete disclosure proceedings, and as so modified the order is affirmed, without costs and without disbursements. While we agree that the action should not be stricken from the Trial Calendar, and that a severance would be inappropriate, since defendant Abrams has only recently been joined in this action, although it has been pending for over three and one-half years, he should be accorded additional time to have and complete disclosure proceedinges. (See *Franklin Nat. Bank* v. *Siegler*, 29 A D 2d 988.) Concur — Stevens, J. P., Markewich, Tilzer, Capozzoli and Nunez, JJ.